UNITED STATES COURT OF APPEALS

July 30, 2009

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COREY MICHAEL GEARHART,

    Defendant - Appellant.

No. 09-4010
(D. Utah)
(D.Ct. No. 2:08-CR-00594-JTG-1)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

_____

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th

Cir. R. 34.1(G). We will decide this case on the briefs.

Corey Michael Gearhart pled guilty to possession of child pornography

under 18 U.S.C. § 2252A(a)(5)(B). The district court imposed a 97 month

sentence. Gearhart appeals from that sentencing, arguing the court: 1) abused its

discretion by sentencing as though the guidelines were mandatory and 2)

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation --
(unpublished). 10th Cir. R. 32.1(A).

committed plain error in treating the guidelines as though they were mandatory.

The arguments are based upon one statement made by the judge:

> [A]fter due consideration, I'm going to impose a sentence at the --
> the Guideline sentence.  I think the Guideline -- advisory Guidelines
> do have application here, and will sentence as though the Guidelines
> were mandatory in the sense that they seem to have a lot of sense and
> would be applicable . . . . So I'm going to impose a sentence at the
> low end of the Guideline range, 97 months . . . .

(R. Vol. II at 40.)  That statement, taken without contextual reference, does not carry the load Gearhart heaps on it.  Taken in context, it refutes his arguments.

We have reviewed the transcript of the sentencing hearing.  It is clear the judge recognized the advisory nature of the guidelines and sentenced accordingly. We need not decide whether our review is for plain error as there was no error.

**AFFIRMED**.

Appellee's Stipulation to Correct the Record is **NOTED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge